UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:<br>LAKE LOVELAND DERMATOLOGY, P.C.<br>   Debtor.<br><br>_____<br><br>LAKE LOVELAND DERMATOLOGY, P.C.<br>SKIN, P.C., AND KEVIN JOHN MOTT,<br><br>   Plaintiffs,<br><br>v.<br><br>PATRICK LILLIS, AND<br>TRACY AMICK,<br><br>   Defendants. | Case No. 19-11659-MER<br><br>Chapter 11<br>Jointly Administered<br>Under Case No. 19-11650-MER<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Adversary Case No.<br>19-01117-MER |

**KEVIN MOTT'S REPLY TO COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant Kevin Mott, by and through his attorney, Lance J. Goff of GOFF & GOFF, LLC, Replies to the Defendant Lilllis's Counterclaims as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Mott admits the allegations contained in paragraph 1 of Defendant's Counterclaims.

2. Mott admits the allegations contained in paragraph 2 of Defendant's Counterclaims.

3. Mott admits the allegations contained in paragraph 3 of Defendant's Counterclaims and corrects the address to be 9676 Mountain Ridge Drive as opposed to 9626 which is stated in the Counterclaim.

1

4. Mott admits the allegations contained in paragraph 4 of Defendant's Counterclaims.

5. Mott admits the allegations contained in paragraph 5 of Defendant's Counterclaims.

6. Mott admits the allegations contained in paragraph 6 of Defendant's Counterclaims.

7. Mott admits the authority of the Bankruptcy Court to enter final judgment regarding the Counterclaim and has insufficient information with respect to the balance of paragraph 7.

## GENERAL ALLEGATIONS

8. Mott admits that Skin executed a promissory note in favor of Lillis on the date stated and denies the balance of paragraph 8 of the Counterclaims.

9. Mott admits that executed a personal guaranty of the Note and denies the balance of the allegations contained in paragraph 9 of Defendant's Counterclaims.

10. Mott admits that the Note and Guaranty were executed in connection with a stock purchase transaction and denies the balance of paragraph 10 of Defendant's Counterclaims. Mott further alleges that he was denied the ability to retain counsel of his choice and instead, counsel selected by Lillis was provided which denied Mott effective representation in the transaction in question.

11. Mott admits the execution of the agreement and the terms and conditions of the agreement speak for themselves. Mott denies any further allegation that may be contained in paragraph 11 of Defendant's Counterclaims which quotes selected provisions of the agreement.

12. Mott admits the execution of the agreement and denies the balance of paragraph 12 of Defendant's Counterclaims.

13. Mott admits execution of the agreement and denies the balance of the allegations contained in paragraph 13 of Defendant's Counterclaims.

14. Mott admits the execution of the Note and the terms of the Note speak for themselves and Mott denies the balance of the allegations contained in paragraph 14 of Defendant's Counterclaims. Mott affirmatively states that Skin entered into the Note and related

agreements based on the false representations of Lillis as set forth in more detail in the underlying allegations of the Complaint.

15. Mott admits the existence of the Note and denies the balance of the allegations contained in paragraph 15 of Defendant's Counterclaims.

16. Mott admits the existence of the Note and denies the balance of the allegations contained in paragraph 16 of Defendant's Counterclaims.

17. Mott denies the allegations contained in paragraph 17 of Defendant's Counterclaims.

18. Mott denies the allegations contained in paragraph 18 of Defendant's Counterclaims.

19. Mott has insufficient information with which to admit or deny the allegations contained in paragraph 19 of Defendant's Counterclaims and therefore denies the same.

20. Mott denies the allegations contained in paragraph 20 of Defendant's Counterclaims.

21. Mott denies the allegations contained in paragraph 21 of Defendant's Counterclaims.

22. Mott denies the allegations contained in paragraph 22 of Defendant's Counterclaims.

23. Mott denies the allegations contained in paragraph 23 of Defendant's Counterclaims with the exception that Mott admits that a Complaint was filed by Lillis against Mott in the District Court, City and County of Denver, Civil Action No. 2018-CV-032388.

24. Mott denies the allegations contained in paragraph 24 of Defendant's Counterclaims. Mott affirmatively states that despite the separate allegations of default set forth in paragraph 24, the underlying fraud perpetrated by Lillis with respect to Skin and its execution of the Note and related agreements renders them unenforceable as to Skin and the agreements reached by and between Skin and Lillis were substantially different both prior to and subsequent to the execution of such documents.

25. Mott admits that a letter may have been dated January 17, 2019 and denies any further allegation in paragraph 25 of the Counterclaims.

26. Mott denies the allegations contained in paragraph 26 of Defendant's Counterclaims.

27. Mott denies the allegations contained in paragraph 27 of Defendant's Counterclaims.

28. Mott denies the allegations contained in paragraph 28 of Defendant's Counterclaims.

29. Mott denies the allegations contained in paragraph 29 of Defendant's Counterclaims.

30. Mott denies the allegations contained in paragraph 30 of Defendant's Counterclaims.

31. Mott denies the allegations contained in paragraph 31 of Defendant's Counterclaims.

32. Mott has insufficient information with which to admit or deny the allegations contained in paragraph 32 of Defendant's Counterclaims and therefore denies the same.

33. Mott admits that a letter may have been prepared and denies the balance of the allegations contained in paragraph 33 of Defendant's Counterclaims.

34. Mott denies the allegations contained in paragraph 34 of Defendant's Counterclaims.

35. Mott denies the allegations contained in paragraph 35 of Defendant's Counterclaims.

36. Mott denies the allegations contained in paragraph 36 of Defendant's Counterclaims.

37. Mott denies the allegations contained in paragraph 37 of Defendant's Counterclaims and affirmatively states that all payments that may have been required pursuant to the specific terms of the Note have not been paid, however, they are excused and are otherwise not due for the reasons set forth in the underlying Complaint.

38. Mott admits that the bankruptcy cases with respect to Skin, Mott, and Lake Loveland Dermatology were filed on March 8, 2019 and denies the balance of the allegations contained in paragraph 38 of Defendant's Counterclaims.

39. Mott denies the allegations contained in paragraph 39 of Defendant's Counterclaims.

## FIRST COUNTERCLAIM FOR RELIEF
### (Damages – Breach of Note)

40. The First Counterclaim for Relief appears to only allege a claim against Skin. Since the First Counterclaim for Relief does not apply to Mott, no answer is provided. To the extent the First Counterclaim for Relief is found to apply to Mott, Mott denies paragraphs 41 through 46 of the First Counterclaim for Relief.

## SECOND COUNTERCLAIM FOR RELIEF
### (Damages – Breach of Guaranty)

41. With respect to para. 47, Mott restates his responses to Paras. 1- 46 of the Counterclaim as though fully set forth herein.

42. Mott denies the allegations set forth in Para. 48 on the basis that if the underlying Note is unenforceable against Skin, that the Guaranty is unenforceable against him.

43. Mott denies the allegations set forth in Para. 49 because if the Note and Guaranty are unenforceable, Defendant's demand letters, if made and delivered, are legally ineffective.

44. With respect to the allegations set forth in Para. 50, Mott admits that Defendant has purported to set forth one provision of the Guaranty.

45. With respect to the allegations set forth in Para. 51, Mott is without sufficient information to admit or deny them, and therefore denies the same.

46. With respect to the allegations set forth in Para. 52, Mott is without sufficient information to admit or deny them, and therefore denies the same.

47. With respect to the allegations set forth in Para. 53, Mott is without sufficient information to admit or deny them, and therefore denies the same.

48. Mott denies the allegations set forth in Para. 54.

49. With respect to the allegations set forth in Para. 55, Mott states that the terms of the Guaranty speak for themselves.

50. Mott denies the allegations set forth in Para. 56.

## AFFIRMATIVE DEFENSES

1. The Counterclaim fails to state a claim on which relief may be granted.

2. The Counterclaim seeks the recovery of post-petition interest which is not allowed since any claim held by Lillis is unsecured.

3. The Guaranty which is the subject of the Lillis Counterclaims is unenforceable since it was based upon fraud and false representations which served to induce Skin into the execution of the underlying Note

4. The Counterclaims are barred by and subject to the claims that are set forth in the Complaint filed on May 2, 2019 by Skin, Lake Loveland Dermatology, P.C., and Kevin John Mott, Adversary Proceeding No. 19-01117-MER.

5. The obligations created under the underlying Note which is the basis for the Counterclaims are subject to avoidance by Skin under 11 U.S.C. §548, 11 U.S.C. §544, and C.R.S. §38-8-105.

6. The obligations between Mott and Lillis are subject to Mott's claims for contract reformation as set forth in the underlying Complaint.

7. The Counterclaims of Lillis are barred by the doctrine of unclean hands.

8. The Counterclaims of Lillis are barred by laches, estoppel, and consent and by Lillis' breach of the duty of good faith and fair dealing.

9. The Note and Guaranty are void and unenforceable because they are illegal and violate public policy.

10. The Note and Guaranty are the product of a mutual mistake of fact and are therefore voidable.

11. The Note and Guaranty are unconscionable.

12. Defendant fraudulently induced Mott to enter into the transaction in question, including executing the Guaranty.

13. Defendant is equitably estopped from enforcing the Guaranty against Mott.

WHEREFORE, having fully responded to Defendant's Counterclaims, Mott requests that Defendant take nothing by them; that the Court make and enter judgment in favor of Mott, that it deny all relief requested by the Defendant; to dismiss his Counterclaims with prejudice; to award Mott his costs of suit and attorney's fees incurred defending the Counterclaims; and for such further and additional relief as the Court deems appropriate and just.

Respectfully submitted,

By:    */s/ Lance J. Goff*
      Lance J. Goff #27301
      3015 47th St., Ste. E-1
      Boulder, CO 80301
      Telephone: (303) 415-9688
      E-mail: lance@goff-law.com
      Attorney for Kevin John Mott

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 14, 2019, I served by a copy of the foregoing KEVIN MOTT'S REPLY TO COUNTERCLAIMS via CM/ECF:

| | |
|---|---|
| mfaga@markuswilliams.com | janderson@markuswilliams.com |
| docket@markuswilliams.com | paul.moss@usdoj.gov |
| jsalisbury@markuswilliams.com | fvisciano@sennlaw.com |
| avega@sennlaw.com | USTPRegion19.DV.ECF@usdoj.gov |
| lmk@kutnerlaw.com | |

      */s/ Lance J. Goff*
      _____
      Lance J. Goff, Esq.