# UNITED STATES BANKRUPTCY COURT
## District of Colorado

| | |
|---|---|
| In re: LAKE LOVELAND DERMATOLOGY, P.C.<br>Debtor.<br><br>LAKE LOVELAND DERMATOLOGY, P.C.<br>SKIN, P.C.<br>KEVIN JOHN MOTT<br><br>Plaintiffs<br><br>v.<br><br>PATRICK LILLIS<br>TRACY AMICK<br><br>Defendants. | Case No. 19-11659 MER<br><br>Chapter 11<br><br><br><br><br><br>Adv. Proc. No.<br>19-01117-MER |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT PURSUANT TO F.R.C.P. 15(a)

Plaintiff Lake Loveland Dermatology, P.C., Skin, P.C., and Kevin John Mott ("Plaintiffs"), by and through their counsel, hereby submit their Motion for Leave to File an Amended Complaint Pursuant to F.R.C.P. 15(a). A redlined version of the Complaint is attached as **Exhibit A** and a clean version is attached as **Exhibit B**. In support of their motion, Plaintiffs state the following:

## Certificate of Conferral

Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiffs have conferred with counsel for the Defendants who have indicated that they reserve their right to object to the relief requested herein.

### I. Background

1. Plaintiffs filed their Adversary Complaint ("the Complaint") against Defendants Patrick Lillis ("Lillis") and Tracy Amick ("Amick") (together "Defendants") on May 2, 2019. [Dkt. 1].

2. Defendants filed their Answer and Counterclaims against Plaintiffs Skin, P.C., and Kevin Mott on May 24, 2019. [Doc. 6].

3. Counterclaim Defendants Skin P.C. and Kevin Mott filed their Replies to Counterclaims on June 14, 2019. [Dkt. 11 and 12].

4. On July 24, 2019, this Court issued a Scheduling Order establishing a deadline of August 7, 2019 to amend pleadings. [Dkt. 16].

5. In the underlying bankruptcy case (*In re Lake Loveland Dermatology, P.C.*, 19-11659-MER (Bankr. D. Colo.)), which this adversary proceeding arises from, the Court authorized LLD to take a Rule 2004 Examination of 790 Eisenhower, LLC ("790 Eisenhower"). [19-11659-MER Dkt. 98].

6. Lillis is the sole owner and operator of 790 Eisenhower.

7. LLD leases its Loveland office located at 776 West Eisenhower Blvd., Loveland, Colorado 80537 from 790 Eisenhower.

8. 790 Eisenhower produced documents to LLD pursuant to LLD's Rule 2004 subpoena on July 24, 2019.

9. LLD took 790 Eisenhower's Rule 2004 deposition on July 31, 2019.

10. In connection with the Rule 2004 subpoena and examination, LLD learned for the first time that, while he was the sole owner and operator of LLD, Lillis caused LLD and 790 Eisenhower to enter into two separate leases that subjected LLD to higher rent for a longer term than LLD's underlying lease.

11. In breach of his fiduciary duty to LLD, Lillis caused LLD to enter into those two leases for his own benefit and without obtaining anything of value in return for LLD.

12. Thus, Plaintiffs seek leave to file an Amended Complaint to assert an additional claim for breach of fiduciary duty by LLD against Lillis. *See* Amended Complaint attached hereto as **Exhibit A**. The only proposed revisions in the Amended Complaint are the additions of paragraphs 126-160, and the addition of the Sixteenth Claim for Relief.

## II. Standard of Review

13. Under Rule 15 of the Federal Rules of Civil Procedure, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." F.R.C.P. 15(a)(2).

14. F.R.C.P. 15(a)(2) provides that leave to amend "shall be freely given when justice so requires."

15. "Under Fed. R. Civ. P. 15(a)(2), '[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment.'" *Whitington v. Ortiz*, 307 Fed. Appx. 179, 196 (10th Cir. 2009)(citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Absent such a showing by the party opposing amendment, denial of a motion for leave to file an amended complaint constitutes an abuse of discretion. *See Whitington*, 307 Fed. Appx. At 196; *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

16. "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Sandoval v. Martinez-Barnish*, 2010 WL 618286, No. 09-cv-02434-REB-MJW at *1 (D. Colo. February 19, 2010) (quoting *Calderon v. Kansas Dep't of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999)).

### III. Discussion

17. In connection with LLD's 2004 Examination of 790 Eisenhower, LLD learned that while he was the sole owner and operator of both LLD and 790 Eisenhower, Lillis caused LLD to enter into a lease in August 2012 that replaced LLD's November 2011 lease.

18. Lillis caused LLD to execute the August 2012 lease only nine months into the ten-year lease term of the November 2011 lease.

19. The August 2012 lease subjected LLD to a higher rent and a longer lease term than the November 2011 lease.

20. Lillis believed that two doctors would be joining LLD as owners in the near future, and Lillis wanted to lock LLD into a higher rent before bringing partners on board.

21. LLD was not in default of the November 2011 lease on or before executing the August 2012 lease.

22. LLD received no new consideration whatsoever in exchange for agreeing to pay more rent than under the existing, operative, November 2011 lease. Rather, only nine months into a 10-year term, Lillis unilaterally caused LLD to agree to pay more rent in exchange for no new consideration, and did so solely to benefit himself as the sole member of 790 Eisenhower.

23. Then, in June 2016—less than five years into the 10-year lease term under the November 2011 lease—Lillis again caused 790 Eisenhower and LLD to enter into a new lease that subjected LLD to higher rent for a longer term.

24. Again, LLD was not in default of the August 2012 lease on or before executing the June 2016 lease and LLD received nothing new from 790 Eisenhower in exchange for agreeing to pay more rent and remain in the property for an additional four years.

25. By that time, Lillis's medical license had been suspended. Upon information and belief, Lillis was therefore contemplating selling LLD, and like with

the August 2012 increase, wanted to lock LLD into a higher rent rate and longer term before doing so.

26. Lillis did not cause LLD to be represented by counsel when executing the August 2012 lease and the June 2016.

27. If the November 2011 lease were still operative, the annual rent today would be about $192,00 and the monthly rent would be approximately $16,000. Instead, LLD's annual rent is approximately $335,000 and the monthly rent is approximately $28,000.

28. In connection with the August 2012 lease and the June 2016 lease, 790 Eisenhower was required to provide some new value to LLD in exchange for LLD's agreement to pay higher rent and stay in the property longer.

29. That Lillis favored himself over LLD and did not give LLD anything of value in exchange for LLD's agreement to pay higher rent and stay in the property longer is a clear breach of Lillis's fiduciary duty to LLD as LLD's sole owner and operator at the time.

30. Lillis did not disclose the November 2011 lease or August 2012 lease to Dr. Mott prior to selling LLD to him on October 16, 2016.

31. Dr. Mott did not know about the existence of the November 2011 or August 2012 leases until 790 Eisenhower produced them on July 24, 2019 in response to a Rule 2004 subpoena.

32. As such, LLD could not have asserted this particular breach of fiduciary duty claim in the original Complaint. LLD does not seek to amend the Complaint in bad faith or for a dilatory motive.

33. Further, the proposed amendment will not significantly delay nor affect the administration of this case. LLD seeks to amend its complaint prior to the expiration of the Court's August 7, 2019, deadline. Moreover, there is no scheduled trial date, and fact discovery does not close until February 7, 2019.

34. Finally, like the other claims in this case, the amended claim arises from Lillis's ownership, management, and operation of LLD. Given the overlapping factual allegations of every claim and the lengthy time remaining for discovery, no party will be prejudiced in any way by the Court granting this motion.

35. If the Court accepts the Plaintiffs' Motion for Leave to File an Amended Complaint, Plaintiffs request that the Court deem the Amended Complaint attached as **Exhibit B**, as the operative complaint.

WHEREFORE, Plaintiffs respectfully request the Court permit Plaintiffs to amend their Complaint only to assert an additional claim for breach of fiduciary duty by LLD against Lillis and accept **Exhibit B** as the operative Amended Complaint.

DATED this 7th day of August, 2019.

Respectfully submitted,

Allen Vellone Wolf Helfrich & Factor P.C.

*/s/ Jordan Factor*
Jordan Factor, Esq., #38126
Michael Gilbert, Esq., #15009
Jeremy T. Jonsen, Esq., #48859
1600 Stout Street, Suite 1100
Denver, Colorado 80202
Phone Number: (303) 534-4499
jfactor@allen-vellone.com
mgilbert@allen-vellone.com
jjonsen@allen-vellone.com

**COUNSEL FOR LAKE LOVELAND DERMATOLOGY, P.C.**

Kutner Brinen, P.C.

/s/ *Lee M. Kutner*
Lee M. Kutner, Esq.
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Phone Number: (303) 832-2400
lmk@kutnerlaw.com

**COUNSEL FOR SKIN, P.C.**

Goff & Goff LLC

/s/ *Lance J. Goff*
Lance J. Goff, Esq.
3015 47th Street, Suite E-1
Boulder, CO 80301
Phone Number: (303) 415-9688
lance@goff-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, who will also serve it on the following:

Jeffrey Weinman
730 17th St., Ste. 240
Denver, CO 80202
jweinman@outlook.com

Kutner Brinen, P.C.
Lee M. Kutner
1660 Lincoln Street, Suite 1850
Denver, CO 80264
lmk@kutnerlaw.com

Office of The United States Trustee
Byron G. Rogers Federal Building
1961 Stout Street, Suite 12-200
Denver, Colorado 80294
Paul.moss@usdoj.gov

Goff & Goff LLC
Lance J. Goff
3015 47th Street, Suite E-1
Boulder, CO 80301
lance@goff-law.com

Markus Williams Young and Hunsicker LLC
Matthew Faga
1700 Lincoln Street, Suite 4550
Denver, CO 80203
mfaga@markuswilliams.com

Frank W. Visciano
Senn Visciano Canges, P.C.
1700 Lincoln St., Ste. 4300
Denver, CO 80203
fvisciano@sennlaw.com

*/s/Christina A Clerihue*